1  Michael T. Stoller, Esq., (Bar No. 120241)
2  LIBERTY LAW GROUP
   7215 Canby Avenue
3  Reseda, California 91335
4  Telephone:  310-245-4028
   Email:  michael.stoller@stollerlawgroup.com
5  Attorneys for Plaintiffs,
6  DEBRA LEGRIS AND AVIANA LEGRIS

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13  DEBRA LEGRIS AND AVIANA          Case No.  8:19-cv-00837-DOC-ADS
    LEGRIS,
14                                   **MOTION FOR SANCTIONS UNDER
15                                   FEDERAL RULE OF CIVIL
              Plaintiffs,            PROCEDURE 11(b)(3);
16                                   MEMORANDUM OF POINTS AND
    v.                               AUTHORITIES; DECLARATION OF
17                                   PETER ATTWOOD IN SUPPORT
18  CAPISTRANO UNIFIED SCHOOL        WITH ACCOMPANYING EXHIBITS
    DISTRICT,                        AND SAFE HARBOR LETTER**
19
              Defendant.            Date:       August 24, 2020
20                                  Time:       8:30 a.m.
21                                  Courtroom:  9D
                                    Judge:      Hon. David O. Carter
22

23  **TO THE HONORABLE UNITED STATE DISTRICT COURT JUDGE, TO

24  DEFENDANT AND ITS ATTORNEYS OF RECORD HEREIN:**

25        Plaintiffs hereby present their Motion for Sanctions under FRCP 11(b)(3)

26  against Defendant's counsel of record, Marlon Wadlington, who signed

27  Defendants Motion for Summary Judgment and Points and Authorities in Support.

28

1

**TABLE OF CONTENTS**

I.      Introduction……………………………………………………….…..4

II.     Defendant Has Made False Assertions of Fact in Its Motion For

        Summary Judgment That Lack Any Evidentiary Support, and So Call

        for Sanctions Under Rule 11…………………………………………......5

        A.  Page 16, lines 22-25……………………………………………6

        B.  Page 19, lines 24-25……………………………………………....7

        C.  Page 20, lines 3-6 ……………………………………………....7

        D.  Page 20, lines 15-17……………………………………………8

        E.  Page 20, lines 17-19…………………………………………....8

        F.  Page 21, lines 12 ……………………………………………8

III.    Defendant's Counsel, Despite Having Been Provided This Rule 11

        Sanctions Motion 21 Days Ago, Chose Not to Fix the Documented

        Violations, and So Sanctions Are Appropriate …………………………9

IV.     Conclusion …………………………………………………..10

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Christian v. Mattel, Inc.* 286 F.3d 1118, 1129 (9th Cir. 2002) …………………..9

**Federal Regulations**

Federal Rule of Civil Procedure 11 ……………………….………4, 5, 6, 7, 8, 9, 10

## I.    INTRODUCTION

This case is a review of the OAH Decision in Case 2018070818 based on the Administrative Record (AR), supplemented by Student Exhibit S-96, as ordered by the Court.  On May 26, 2020, Defendant filed its Motion for Summary Judgment with its Supporting Memorandum of Points and Authorities.

When Plaintiffs carefully reviewed Defendant's Points and Authorities, it became clear that Defendant made blatantly false representations about its evidence, apparently with the intention of misleading the Court regarding critical facts.

Plaintiffs want to be clear that they do not find fault with contentions that they do not agree with, even if they are without merit.  If there is any evidentiary support at all, however thin, Plaintiffs see no problem.  The evidence may prove not to be credible, but if it exists at all, Plaintiffs do not object.  Plaintiffs recognize that if parties and their counsel are to vigorously and zealously contest their claims, then much scope must be allowed for errors, logical fallacies, and even a degree of dishonesty, without fear of sanctions.

In fact, relatively minor violations of Rule 11(3)(b) deserve to be overlooked, and in Plaintiffs' view, even fairly serious ones if they are few.  It is enough to deal with them in opposing papers.  But here the violations are serious and pervasive and appear to be intentional at least in some cases.  If, after being given 21 days to examine and correct them – as it has been - Defendant still refuses to do so, then to deter such misconduct, sanctions under Rule 11(b)(3) are appropriate.

Finally, fairness requires Plaintiffs to be prompt in providing Defendant time to examine and correct any violations.  Plaintiffs believe that they have done so. Plaintiffs' study of Defendant's papers, received May 26, 2020, led us no sooner than June 11 to discover Defendant's violations and to carefully confirm our impressions.  Please see Exhibit 1, Attwood Declaration, with the informal letter

that Plaintiffs sent June 13, 2020 before serving this Motion on Defendant's counsel, and the accompanying email chain.

That informal letter from the firm's paralegal to Defendant's counsel asked him to correct the referenced misstatements.  Defendant's counsel refused to correct the deficiencies described, responding the same day by email that if Plaintiffs filed a Rule 11 sanctions motion, then Defendant would file a sanctions motion against Plaintiffs.  Defendant's response made it clear that a formal motion and notice of motion to start the 21-day safe harbor interval would need to be served.

Plaintiffs would not have filed this motion with the Court if the errors described below were few, or not egregious.  But they are both many and egregious, and there appears in them to be a pattern of willful deception.  And the reason that this motion is now being filed with the Court is that, having been put on notice of these problems by being served this motion over 21 days ago, Mr. Wadlington has chosen not to correct them, but instead to threaten to file a sanctions motion against Plaintiffs.

The Court in this case is depending heavily on the Administrative Record and must be able to rely on the candor of counsel for the Parties, who are officers of the Court.  Such intentional misrepresentations of the record as appear in Defendant's Points and Authorities are not innocuous and must not be condoned.

## II.     DEFENDANT HAS MADE FALSE ASSERTIONS OF FACT IN ITS MOTION FOR SUMMARY JUDGMENT THAT LACK ANY EVIDENTIARY SUPPORT, AND SO CALL FOR SANCTIONS UNDER RULE 11.

"By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information,

and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery". FRCP 11(b)(3).

On its face, Rule 11(b)(3) is violated, and calls for sanctions, when such factual contentions lack that evidentiary support, when there is no chance that further investigation or discovery will cure that, and when the attorney once informed refuses to make appropriate corrections.

All of the following misrepresentations constitute violations of Rule 11(b)(3).

**A.     Page 16, lines 22-25[1]**

Defendant's MSJ cites from the AR to induce the Court to believe that Aviana's "teachers testified that she learned the same way as her general education peers and never needed specially designed instruction to access the general education curriculum."  Defendant would be entitled to allege this, if it provided even slight - but accurate - evidentiary support.

Instead, Defendant's MSJ utterly misstates the cited evidence.  The cited testimony is not the testimony of "teachers" as the MSJ falsely states.   The cited testimony is that of Aviana at AR 1526:2-25 and of a teacher at Fusion (not Defendant Capistrano), Nancy Kington at AR 1437:9-17, 1439:23-1440:6, 1441:14-19, 1443:22-25, 1447:14-22, and1449:2-1450:2 - and no one else.

a.     Specifically, at AR 1526:2-25, Aviana describes how she needed tutoring by Gayle Weinand to succeed in English and history because of her reading difficulties, while writing was not a problem.  Contrary to the MSJ's representation, Aviana's cited testimony actually contradicts the MSJ's assertion that Aviana learned the same way as her general education peers.

---

[1] Page numbering is that of the filed document, not the original page numbering, which is 6 less.

By stating falsely that Aviana's testimony is that of a "teacher," and then trying to mislead the Court by claiming that Aviana stated what she did not say, the MSJ fails to provide any evidentiary support for its contention, and certainly violates Rule 11(b)(3).

b.      At AR 1437:9-17, 1439:23-1440:6, 1441:14-19, 1443:22-25, 1447:14-22, 1449:2-1450:2, Fusion teacher Nancy Kington in this testimony actually describes how *differently* Aviana learned from others. Again, Defendant's misstating Kington's testimony in order to assert evidentiary support in it for Defendant's contention – when that testimony actually contradicts it – misleads the Court.  Because the cited testimony is misstated – both as to the identity of the witnesses and what they said – it gives no support at all to Defendant's contention, and so violates Rule 11(b)(3).

**B.      Page 19, lines 24-25**

Defendant's MSJ mischaracterizes Aviana's testimony at AR 1498:25-1499:1, where Aviana is describing the benefits of her vision therapy, by taking a single sentence out of context.  Including a page to either side of that one sentence discloses that what Aviana actually testified contradicts the MSJ's description. Even Defendant's assertion that everything remained the same after vision therapy is refuted by Aviana's testimony at AR 1500:6-11 that she was still doing the vision therapy at college and had already obtained significant help from it.   This intentional misstatement of the cited evidence violates Rule 11(b)(3) by pretending to provide evidentiary support when there in fact is none.  It's fine to disagree with the evidence or to proffer other evidence in support of its contentions, but not to misstate the evidence Defendant cites to.

**C.      Page 20, lines 3-6**

Defendant's MSJ asserts that "she maintains that she should be eligible, solely on her diagnosis of CI [convergence insufficiency] from Dr. Stephey."  No evidentiary support is provided for this mischaracterization of Plaintiffs' position,

which indeed is everywhere refuted by the record in this case.  The MSJ itself, by attacking several of Plaintiffs' allegations in support of Aviana's eligibility, makes it clear that Defendant knows better than to make this assertion.

**D.     Page 20, lines 15-17**

Here Defendant's MSJ asserts that Stephey's *testimony* "revealed that his assessment of Plaintiff was severely flawed," and then provides as evidentiary support "AR 1668:14-24; 1669:5-1670:5; 1694:23-1695:5." But none of these refer to Stephey's testimony!

The testimony is instead that of Defendant's expert, Kirschen.  No conceivable testimony of *Kirschen* can constitute the slightest evidentiary support for any statement about *Stephey's* testimony.  In violation of Rule 11(b)(3), Defendant's MSJ provides no support at all for its contention that Stephey's testimony revealed anything, because its claim to be citing to Stephey's testimony is false.

**E.     Page 20, lines 17-19**

Defendant's MSJ contends that, "First, Dr. Stephey's assessment was not appropriate as he relied on Plaintiff's mother's reporting of Plaintiff's symptoms, rather than actually testing Plaintiff for CI. (AR 1667:9-22)."  Defendant implies that AR 1667:9-22, supposedly Stephey's testimony, supports this contention.  But it's not Stephey's testimony; it's Kirschen's.  Not that Kirschen would know, since he never spoke with Stephey, but in fact the cited testimony says nothing like that anyway.  There is no support anywhere among the 222 occurrences of "mother" in the Administrative Record for the MSJ's contention.  It is pure invention, resting on nothing at all, despite counsel's certification in signing the MSJ that its "factual contentions have evidentiary support," and accordingly violates Rule 11(b)(3).

**F.     Page 21, lines 12**

Here Defendant's MSJ misstates Stephey's testimony at AR 2020:22-2200:5, stating that Stephey testified that he had historically not done the cover test.  Revie

of the record shows that that is not Stephey's testimony.  To the contrary, he stoutly denied that.  There is no evidentiary support here for the MSJ's contention. Instead Stephey testified that although he had done the cover test, it had been his practice not to report it in his summary.  In violation of Rule 11(b)(3), Defendant's MSJ provides no evidentiary support at all for its contention, because the testimony that it cites in support not only fails to support Defendant's representation, but actually contradicts it. The problem is not Defendant's allegation that Stephey never did the cover test; that might validly be argued another way.  The problem is that Defendant's purported evidence for its contention here is utterly false and violates Rule 11(b)3).

## III.  DEFENDANT'S COUNSEL, DESPITE HAVING BEEN PROVIDED THIS RULE 11 SANCTIONS MOTION 21 DAYS AGO, CHOSE NOT TO FIX THE DOCUMENTED VIOLATIONS, AND SO SANCTIONS ARE APPROPRIATE.

This motion was served on Defendant's counsel over 21 days ago, on June 19, 2020.  That this motion now needs to be filed with the Court demonstrates the unwillingness of Defendant's counsel to perform "an inquiry reasonable under the circumstances," because 21 days is plenty of time to examine his pleading and to determine, and agree to correct, its documented defects by simply examining the administrative record in light of the notice provided by the informal letter of June 13, 2020 and this motion, which has been in his hands since June 19, 2020.   At a minimum, some affirmative investigation on the part of the attorney is required. *Christian v. Mattel, Inc*., 286 F.3d 1118, 1129 (9th Cir. 2002) (sanctions imposed where attorney could have obtained needed copyright information simply by examining Barbie doll heads).  Here, the attorney only needed to examine and fix the erroneous citations to the administrative record brought to his attention by Plaintiffs.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment misrepresents the record and fails at several points to provide any evidentiary support for its contentions. Not only does Defendant's Motion make many false statements about the proffered evidence; it also ascribes testimony to the wrong witnesses, and the proffered evidence often actually contradicts the contentions it purports to support. The attorney failed to make the "inquiry reasonable under the circumstances" that would have caused him to find and correct these problems, and even refused to do so when given a 21-day safe harbor to get his paper "appropriately corrected." Instead, he threatened Plaintiffs with his own sanctions motion in response, should Plaintiffs file this Motion for Sanctions.

Because they lack the evidentiary support required by Rule 11(b)(3), the Court should order Defendant's counsel to promptly withdraw the contentions lacking factual support, or to appropriately correct the violations documented here. If it does not, the Court should strike those contentions. Rule 11 is designed to deter bad behavior, not to be needlessly punitive, so Plaintiffs ask for nothing more, unless Defendant still refuses to appropriately correct its pleading, or files its own sanctions motion as threatened.

LIBERTY LAW GROUP

Dated: June 19, 2020

By: /s/ *Michael T. Stoller*
MICHAEL. T. STOLLER
Attorney for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Rule 11(c)(2) certification</u>

My office served this motion on Defendant's counsel, Marlon Wadlington, on June 19, 2020 through email by prior written agreement with Mr. Wadlington, with an accompanying letter that stated the following:

> This is to urge you to reconsider and to "appropriately correct" the violations of Rule 11(b)(3) in your MSJ identified in the accompanying Motion for Sanctions.  If you fail to do so, our office intends to file the attached motion with the Court on July 10, 2020, 21 days hence.

1

**CERTIFICATE OF SERVICE**

2

3          I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action.  My business address is 7215 Canby Avenue, Reseda, California 91335.

4

5          On June 19, 2020, I served the foregoing document described as **MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PETER ATTWOOD IN SUPPORT WITH ACCOMPANYING EXHIBITS AND SAFE HARBOR LETTER** on all interested parties as follows:

6

7

8

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
9              A Professional Law Corporation
               Marlon C Wadlington
10             MWadlington@aalrr.com
               12800 Center Court Drive South, Suite 300
11             Cerritos, CA 90703-9364
               Tel: (562) 653-3200
12             Fax: (562) 653-3333

13

14             ***Attorneys for Defendant,***
        ***CAPISTRANO UNIFIED SCHOOL DISTRICT***
15

16    ☒    **BY ELECTRONIC SERVICE** - Pursuant to Federal Rule of Civil
           Procedure 11(c)(2), and by agreement of the parties, I caused a PDF version
17         of said document(s) to be served by electronic mail to the parties listed above
           by using the email address(es) listed thereon.
18

19    ☐    **BY FACSIMILE TRANSMISSION.**  I faxed the document to the fax
           number listed above.  No error was reported by the fax machine that I used.
20
      ☒    (Federal)    I declare under penalty of perjury under the laws of the United
21                      States of America that the above is true and correct.

22

Dated: June 19, 2020                              /s/ Peter Attwood
23                                                 Peter Attwood

24

25

26

27

28

1

# EXHIBIT 1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

## DECLARATION OF PETER ATTWOOD

I, Peter Attwood, am able and prepared to testify competently under penalty of perjury to the following facts:

1. I am the paralegal working for attorney Michael T. Stoller of Liberty Law Group on Case 8:19-cv-00837-DOC-ADS, Legris v Capistrano Unified School District.

2. Under Mr Stoller's direction, I have prepared the Opposition to Defendant's Motion for Summary Judgment (MSJ), and learned in the course of that work the dimensions of Defendant's violation of Rule 11(b)(3) in its citations to purported evidence no sooner than June 11, 2020.

3. After I discussed it with Mr Stoller and another attorney that I work with, we decided that a Rule 11 sanctions motion was appropriate.

4. June 13, I sent an email to Marlon Wadlington, the signer of Defendant's MSJ, with an informal letter attached detailing violations and asking for appropriate corrections. He responded by stating that Defendant would file a motion for sanctions against us if we did that. Accordingly, I prepared the motion and asked him if he would accept service through email, which he graciously agreed to.

5. Accordingly, I emailed him the Motion and cover letter on June 19, with a copy to his co-counsel, Kristin Myers.


Executed on June 19, 2020, at Upland, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Peter Attwood

June 13, 2020

Marlon Wadlington
Atkinson Andelson Loya Ruud and Romo
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364

Re:  Legris v Capistrano, Case 8:19-cv-00837-DOC-ADS
F.R.Civ.P. Rule 11(b)(3) informal letter of notice

 Dear Marlon,

In my capacity as Michael's paralegal, it's my task to send you this notice, hoping that you will fix things and we don't actually have to file a motion.

Rule 11 of the *Federal Rules of Civil Procedure* treats the attorney's signature on a pleading as a certificate that the lawyer has read the pleading and that, to the best of the lawyer's knowledge, information, and belief, there is good cause to support the allegations in the pleading. Specifically, under Rule 11, by signing a pleading, an attorney certifies that (1) he has read the pleading he filed and, in relevant part, (2) the pleading is "well grounded in fact." The Rule requires that the lawyer *who signed the pleading* ..undertake an inquiry reasonable under the circumstances to determine whether . . . his factual claims either have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." F.R.C.P. 11(b)(3).

"[S]anctions must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9 Cir. 1990). "Frivolous" denotes "a filing that is both baseless and made without a reasonable and competent inquiry." *Townshend*, 929 F.2d at 1358. F.R.Civ.P. 11 sanctions may be imposed when a portion, not the entirety, of a pleading is frivolous. See *Townshend*, 929 F.2d at 1364-1365. *Altmann v. Homestead Mortgage Income Fund,* 887 F. Supp. 2d 939, 955 (E.D. Cal. 2012) (citing *Townsend v_ Holman Consulting Corp.,* 929 F. 2d. 1358, 1364-65 (9th Circuit 1990).

At a variety of points, Defendant's Motion for Summary Judgment (MSJ), filed May 26, 2020, grossly violates Rule 11(b)(3), as described in detail below.

Rule 11(c)(2) of the *Federal Rules of Civil Procedure* also requires a party seeking Rule 11 sanctions to first give the opposing counsel who signed the operative pleading at least twenty-one (21) days to withdraw or "appropriately correct" the offending pleading before a Rule 11 motion is filed. This letter constitutes the informal notice mentioned in the 1993 Advisory Committee commentary before we file the formal motion and notice of motion with you.

We intend within a few days to serve the formal notice of the intent to file a Rule 11 Motion for Sanctions, with that Motion, if the MSJ signed by you on behalf of Capistrano Unified District is not "withdrawn or appropriately corrected" within 21 days, with notice to the Court. We will be serving you with the draft of the proposed Rule 11 Motion by early next week as F.R.Civ.P.5 requires – or immediately upon your written consent to service by email. If this matter is not corrected within 21 days, the Motion will then be filed with the Court.

Because this notice and proposed Motion must not be brought to the Court's notice yet, service cannot be through the Court's CM/ECF system. However, if you consent in writing to email service and agree not to allege that you have not been properly served, we can serve you immediately by email, which will provide you more time and be more convenient for all, besides avoiding needless COVID-19 problems.

Our basis for the Motion for Sanctions – provided you choose not to "appropriately correct" your pleading – will be as follows:

1. Defendant Statement of Undisputed Facts (SSUF) 6:
   a. Proffered evidence does NOT support its claim that "At the meeting, the District's educators reported that Plaintiff did not have any difficulty with reading." Thurston, and only Thurston, testified that Aviana had no problems with reading, but even then she did *not* claim to have said so in the meeting as SSUF 6 claims.
   b. The proffered evidence says nothing about what the other two said, contrary to your claim in SSUF 6.
   c. AR 321, the meeting notes, offer no "educator" opinions about Aviana's reading difficulties or lack thereof. Citing it in support misstates the evidence and violates Rule 11(b)(3).
   d. Neglecting to mention that none of the three "educators" were Aviana's teachers seems designed to mislead the Court to the effect that her teachers had spoken as claimed in the meeting, hiding from the Court that no teacher of Aviana was even there. All of this clearly violates Rule 11(b)(3).
2. At page 16[1] of its MSJ, lines 22-25, Defendant cites from the AR to lead the Court to think that Aviana's teachers testified that she learned the same way as her general education peers and never needed specially designed instruction to access the general education curriculum." This utterly misstates the cited evidence. For a start, it's not "teachers" as the MSJ states incorrectly. The cited testimony is only that of Aviana and only one of her teachers at Fusion (not Capistrano), Nancy Kington - and no one else:
   a. 1526:2-25. Not teacher testimony at all. This is *Aviana's* testimony which describes how she needed tutoring by Gayle Weinand to succeed in English and history because of

---

[1] Page numbering is that of the filed document, not the original page numbering, which is 6 less.

her reading difficulties.   Contrary to the MSJ's representation, Aviana's cited testimony actually contradicts its assertion that Aviana learned the same way as her general education peers.  For the MSJ to state falsely that Aviana's testimony is that of a teacher, and then to turn her words on their heads in this misleading fashion certainly violates Rule 11(b)(3).
   b. 1437:9-17, 1439:23-1440:6, 1441:14-19, 1443:22-25, 1447:14-22, 1449:2-1450:2.  Not the testimony of "teachers" but of a single, non-Capistrano, teacher, Nancy Kington – and it contradicts the MSJ's assertion.  It's fine to disagree with what Kington said, but it is *not* OK to misstate her testimony so as to lead the Court astray, in violation of Rule 11(b)(3).

3.  The MSJ (page 19, lines 24-25) mischaracterizes Aviana's testimony at AR 1498:25-1499:1, where Aviana is describing the benefits of her vision therapy, by snatching a single sentence out of context.  Including a page to either side of that one sentence discloses that what Aviana actually testified contradicts the MSJ's description.  Even the MSJ's assertion that everything remained the same after vision therapy is refuted by Aviana's testimony at AR 1500:6-11 that she was still doing it and had already obtained significant help.   This gross misstatement of the cited evidence violates Rule 11(b)(3).  It's fine to disagree with the evidence, but not to misstate it.

4.  Defendant's opening paragraph at page 20 misstates Plaintiffs' position. Plaintiffs have never "maintained" that Aviana should be found eligible solely based on Stephey's diagnosis of convergence insufficiency.  The MSJ offers no evidence to support this misstatement of Plaintiffs' position, and cannot.

5.  Page 20, lines 15-17 claim that Stephey's testimony "revealed that his assessment of Plaintiff was severely flawed," and then cite to "AR 1668:14-24; 1669:5-1670:5; 1694:23-1695:5" – none of which is Stephey's testimony!  All of this is the testimony of Defendant's expert, Kirschen, who never met – still less examined – Aviana (Plaintiff SSUF 18).  Nor did he speak with Stephey, instead relying on Defendant's counsel (Ernie Bell at the time) to tell him about the report (Plaintiff SSUF 19).  Why does the MSJ falsely cite Kirschen's testimony as Stephey's?

a.  The paragraph continues in this vein, asserting that, "First, Dr. Stephey's assessment was not appropriate as he relied on Plaintiff's mother's reporting of Plaintiff's symptoms, rather than actually testing Plaintiff for CI. (AR 1667:9-22)."  AR 1667:9-22 is Kirschen's opinion, not Stephey's testimony, and even this testimony of Kirschen in no way alleges that Stephey relied on mother's reporting! The MSJ offers no support at all for this invention.  Searching the 222 instance of "mother" in the AR reveals that there is no evidence for the MSJ's assertion in the record at all.  The word "mother" appears in Stephey's report only in this sentence "*Wendy Rosen, a mother and teacher, has written a wonderful book about her own daughter's struggles titled The Hidden Link Between Vision and Learning.*" (Exhibit S-50, AR 247-255).

6.  On page 21, line 12, the MSJ misstates Stephey's testimony, stating that he had historically not done the cover test.  That's not what Stephey testified.  He stated that although he had done the cover test, it had been his practice not to report it in his summary.  It's fine for you not to believe him, but it violates Rule 11(b)(3) to lead the Court astray by misstating his testimony.


Regards,

Peter Attwood, paralegal, Liberty Law Group

## Re: Legris v Capistrano, 8:19-cv-00837-DOC-ADS: Informal Rule 11(b)(3) notice on your MSJ and SSUF - how would you like to be served?:

Marlon C. Wadlington <MWadlington@aalrr.com>

Sat 6/13/2020 5:28 PM

To: Peter Attwood <peter.attwood@hotmail.com>
Cc: Michael Stoller <michael.stoller@stollerlawgroup.com>

Email service is fine. Thanks Peter.

Sent from my iPhone

> On Jun 13, 2020, at 4:57 PM, Peter Attwood <peter.attwood@hotmail.com> wrote:

> Good afternoon Marlon,
>
> Since you have confirmed that you want to be served the motion and notice of it, will email service do, or would you like us to serve you at your Cerritos office, or how else shall we ensure that service is proper - in light of COVID-19?  Some are not open or otherwise don't want needless personal contact.
>
> Peter

---

**From:** Marlon C. Wadlington <MWadlington@aalrr.com>
**Sent:** Saturday, June 13, 2020 3:51 PM
**To:** Peter Attwood <peter.attwood@hotmail.com>
**Cc:** Michael Stoller <michael.stoller@stollerlawgroup.com>
**Subject:** Re: Legris v Capistrano, 8:19-cv-00837-DOC-ADS: Informal Rule 11(b)(3) notice on your MSJ and SSUF

Thanks Peter. These sound like points that should be made in your opposition. If you choose to file a motion, causing the District to incur further defense costs based on your belief that the evidence cited does not support the contention alleged, we will in turn request sanctions for the filing of a frivolous motion.

Thanks Peter.

Sent from my iPhone

> On Jun 13, 2020, at 1:30 PM, Peter Attwood <peter.attwood@hotmail.com> wrote:

> Good afternoon Marlon,

Please see our notice of Rule 11(b)(3) violation, attached - the informal notice that the 1993 commentary on Rule 11 suggests.  More formal notice of motion with our proposed motion, from Michael of course, will follow early next week if needed.

As you know, it is not proper for us to dawdle once we find these problems, especially since that would prejudice you.  We look forward to hearing from you if we will actually need to file anything, and if so, whether in light of COVID-19 service by email will do.

Peter

---

 Virus-free. [www.avast.com](www.avast.com)

&lt;Legris Letter for Rule 11.pdf&gt;